## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 05 2017, 7:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Bryant L. White
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryant L. White, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 5, 2017 <br><br> Court of Appeals Case No. <br> 53A01-1701-CR-186 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Marc R. Kellams, Judge <br><br> Trial Court Cause No. <br> 53C02-1106-FD-485 |

**Baker, Judge.**

On June 1, 2011, the State charged Bryant White with dealing in marijuana and maintaining a common nuisance. At the time of his arrest, officers from the Bloomington Police Department seized $1815 in cash that was in White's possession. On July 23, 2013, the Child Support Enforcement Agency filed an Income Withholding Order (IWO) in two cases under which White owed child support: a divorce case and a paternity case. In the divorce case,[1] the IWO directed the Bloomington Police Department to withhold $315 for White's past due child support. Appellant's App. Vol. II p. 27-30. In the paternity case,[2] the IWO directed the Bloomington Police Department to withhold $1,500 for White's past due child support. *Id.* at 31-34. White did not challenge the issuance of the IWOs under either the divorce case or the paternity case. The Bloomington Police Department transmitted White's cash pursuant to the IWOs.

On January 5, 2015, the State dismissed the criminal charges against White. On December 27, 2016, White filed a motion in the criminal case for the return of his seized cash. The State objected, noting that the seized cash had been applied to White's outstanding child support obligations pursuant to the IWOs in the divorce and paternity cases. The trial court denied White's motion, and White now appeals.

---

[1] Cause number 53C06-0901-DR-52.

[2] Cause number 53C07-0101-JP-17.

[3] The IWOs were issued in July 2013 under the divorce and paternity cases. Over three years later, when White sought the return of his seized currency in the criminal case, the money had long since been applied to his outstanding child support obligation. Had he desired to challenge the IWOs, he should have filed timely challenges under the divorce and paternity cases—the cases in which the orders were actually issued. The criminal case was not the proper case in which to challenge the IWOs, and by the time White sought the return of his property, it was no longer in the possession of the Bloomington Police Department (and had not been for over three years). Under these circumstances, the trial court did not err by denying White's motion.

[4] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.